# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| Bracco Diagnostics, Inc., <br>    Plaintiff, <br><br> v. <br><br> Maia Pharmaceuticals, Inc., *et al.*, <br>    Defendants. | Civil Action No. <br> 3:17-cv-13151 (PGS) (TJB) <br><br> **MEMORANDUM <br> AND ORDER** |

**SHERIDAN, U.S.D.J.**

This matter comes before the Court on Defendant Maia Pharmaceutical's (Maia) motion to strike minor changes of the proposed definitions of the claim constructions set forth by Plaintiff Bracco Diagnostics Inc.'s ("Bracco"). (ECF No. 69).

At oral argument, counsel for Bracco proposed new definitions for each of the claim terms. Specifically, Bracco's proposed definition of buffer at the hearing was: "A buffer excipient, which "stabilize[s] pH" [w/inventor's list]." (July 9, 2019 Claim Construction Hearing Slide Presentation at 16). Bracco's definition of surfactant at the hearing was "A surfactant excipient, which is a 'surface active agent,' which 'may reduce the interfacial tension' [w/ inventor's list]." (*Id.* at 25).

Pursuant to Local Patent Rule 3.7, "Amendment of any contentions, disclosures, or other documents required to be filed or exchanged pursuant to these Local Patent Rules may be made only by order of the Court and upon a timely application and showing of good cause." L. Pat. R. 3.7. Claim construction documents are required to be filed by Local Patent Rule 4.3, which provides that "the parties shall complete and file a Joint Claims Construction and Prehearing

Statement," which must contain "[e]ach party's proposed construction of each disputed term, together with an identification of all references from the intrinsic evidence that support that construction. L. Pat. R. 4.3(b).

Although the differences between the definitions are not substantial (In fact, Bracco argues there were no substantive changes made), the parties are bound by the definitions set forth in the Joint Claim Construction and Prehearing Statement. (ECF No. 28). Those definitions reflect the definitions set forth in the *Markman* briefs. Therefore, the Court will not consider the minor revisions to the definitions proposed by Bracco at the first time during the *Markman* hearing. The motion to strike is granted.

ORDER

IT IS on this 17th day of September, 2019;

ORDERED that the motion to strike (ECF No. 69) is granted.

PETER G. SHERIDAN, U.S.D.J.